No. A-CV-26-81

COURT OF APPEALS OF THE NAVAJO NATION

September 30, 1983

ZION'S FIRST NATIONAL BANK,
A Utah Corporation, Appellant,

vs.

Kenneth J. and Victoria JOE, Appellees.

Appeal heard May 9, 1982 Before Chief Justice Nelson J. McCabe and Associate Justices Robert B. Walters and Tom Tso.

F.D. Moeller, of Farmington, New Mexico for Appellant. William A. Goldsmith, Esq., Gallup, New Mexico for Apellee.

## THE CASE

This is a simple and straight forward appeal. Originally an action was filed in the Shiprock District Court reciting a security agreement between Zion's First National Bank and Kenneth J. and Victoria M. Joe. The secured property under the agreement was a 1977 Chevrolet pickup truck. The complaint alleged the buyers had failed to make their payments, and it asked for leave to repossess the truck and $2,617.04 in damages. After the action was filed there was a stipulation that a judgment in the total amount of $1,147.33 would be entered against the defendants.

The judgment was entered on that stipulation on April 25, 1980, and it was issued by the Honorable Perry Garnenez. On May 12, 1980 the Honorable Marie F. Neswood issued a writ of execution on the judgment.

On April 13, 1981 the Honorable Henry Whitehair dismissed the action, stating "That chattel mortgage, 1977 Chevrolet pick-up, has been repossessed by plaintiff, therefore plaintiff have no cause of action".

Some of the problems with the judgment of dismissal were that there was no written motion before the court, there were no findings as to the grounds for reopening the judgment and the dismissal was inconsistent with the prior judgment and stipulation.

## REOPENING JUDGMENTS

Rule 23 of Rules of Civil Procedure provides:

"At any time after the final order or judgment, the court may in the interest of justice reopen

> a case in order to correct errors or to consider newly discovered evidence, or for any other reason consistent with justice."

Our law contains a common rule based upon the principle that courts are to be just and do justice. Because of this principle, courts are empowered to correct errors in judgments, reopen cases where new evidence requires a new hearing or otherwise take another look at a judgment where justice and equity clearly require it to do so.

Normally, a judge should not consider modifying or vacating a judgment without very serious reasons for doing so and without a specific written motion asking him or her to do so. Of course there may be times when the court discovers a lack of jurisdiction, gross-fraud or the need to clarify a judgment without an adverse hearing, but those times are rare, and the right of the parties to an action to have notice of the court's action and an opportunity to be heard on it always exists. The due process clause of the Navajo Bill of Rights always requires notice and an opportunity to be heard before any right created by a judgment is taken away or modified.

In this case the judge made an assumption, which is unsupported by the record, that the stipulation somehow provided that the defendants would keep the truck (and this may be assumed from the stipulation on file, which should have addressed the point of what was to happen with the truck specifically), and that it was the intention of the parties that should the truck be repossessed, the debt would have been eliminated.

The record before the court smacks of an approach of the judge by the buyers, and it was an illegal order which denied the due process rights of the bank. If the judgment was illegal or if there were equitable grounds for modifying it, there should have been a motion filed with the court which showed grounds for modifying the judgment and which gave the bank notice and an opportunity to be heard.

Therefore this action will be remanded to the Shiprock District Court for reinstatement of the original judgment of April 25, 1980 and the issuance of a writ of execution upon it.

The motion of William A. Goldsmith, Esquire, to withdraw as counsel for the defendants is granted as of its date. It should be noted that the defendants did not oppose this appeal and we may assume they recognized it has merit.